IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01736-LTB-MJW

WAYNE LITTLE,

Petitioner,

v.

GARY GOLDER, et al.,

Respondents.

---

**RECOMMENDATIONS ON
AMENDED APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254
and
PETITIONER'S REQUEST TO TEMPORARY [sic] HALT APPLICANT'S
28 U.S.C. § 2254 (Docket No. 25)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a Order of Reference to United States Magistrate Judge issued by Judge Lewis T. Babcock on October 7, 2005. (Docket No. 9).

Before the court are the pro se incarcerated petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 6) and his Request to Temporary [sic] Halt Applicant's 28 U.S.C. § 2254 (Docket No. 25). The respondents timely filed an Answer (Docket No. 17) and a Response to the Request to Temporary Halt (Docket No. 31). Petitioner filed a Response to the respondents' Answer. (Docket No. 23). The court now being fully informed makes the following findings and

recommendations.

In his Amended Application, the petitioner challenges a judgment of conviction and his sentence entered in the District Court of El Paso County upon a jury verdict finding him guilty of first-degree burglary, simple robbery, third-degree assault, and theft, and a conviction by the trial court on three habitual criminal counts based on his prior felony convictions for aggravated motor vehicle theft in 1989, attempted theft in 1989, and criminal impersonation in 1991.  He was sentenced to 48 years for the burglary, 24 years on the robbery, and lesser sentences on the misdemeanors.  The trial court subsequently concluded that the statutorily-required habitual sentences were constitutionally disproportionate and reduced the sentence to 12 years for the burglary and six years for the robbery.

On direct appeal, the prosecution filed a cross-appeal that challenged the reduction of the 48-year and 24-year sentences.  On April 8, 2004, the Colorado Court of Appeals rejected the petitioner's claims but vacated the 12-year and six-year sentences and directed that the original habitual criminal sentences be reinstated.  The Colorado Supreme Court denied certiorari on October 12, 2004.

Petitioner then filed his original habeas corpus application on August 23, 2005 (Docket No. 3 - received 8/23/07; filed on 9/7/05).  In his amended application (Docket No. 6), he raises the following three claims for habeas relief: (1) regardless of the three-year time limitation imposed by § 16-5-402(1), C.R.S., there was a violation of the due process clause of the Fourteenth Amendment because he was not allowed to litigate a motion to suppress the government's use of a constitutionally-infirm conviction

to prove guilt or enhance punishment in an unrelated proceeding; (2) the habitual criminal statute is unconstitutional because it allowed the judge to preside over the habitual criminal proceedings, which deprived the petitioner of his right to have a jury trial guaranteed by the Fifth, Sixth, and Fourteenth Amendments; and (3) the Court of Appeals erred in reversing the trial court's finding at a proportionality review that the prior convictions were not grave or serious, which resulted in a sentence of 48 years (four times the maximum presumption range for a class 3 felony), which violates the Eighth and Fourteenth Amendments (cruel and unusual punishment and due process).

Respondents assert that the petitioner has failed to exhaust his first two claims, that those two claims would be considered procedurally defaulted, and in any event, all three claims are without merit.

**Exhaustion and Procedural Default**

Section 2254 of Title 28, U.S.C., as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows with regard to exhaustion of state court remedies:

> . . .
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

4

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. . . .

28 U.S.C. § 2254(b), (c).

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies . . ., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. . . .  To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotations and citations omitted).  "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies . . . ."  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (emphasis in original).

In this case, respondents correctly assert that the petitioner has failed to exhaust his first two claims.  With regard to the first claim, more is required of the petitioner than "presenting 'all the facts necessary to support the federal claim' to the state court or articulating a 'somewhat similar state-law claim.'"  Bland v. Sirmons, 459 F.3d 999, 1011

5

(10th Cir. 2006), cert. denied, 127 S.Ct. 2117 (2007) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)). While the petitioner need not have invoked "talismanic language" or have cited "book and verse of the federal constitution," id.; Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989), he was required to present the substance of his federal constitutional claim raised in his federal habeas petition, but he failed to do so. Instead, petitioner merely alleged an improper application of a state statute (§ 16-5-402, C.R.S.). Therefore, he did not "fairly present" his federal claim to the state courts. Bland v. Sirmons, 459 F.3d at 1011 ("Fair presentation means that the petitioner has raised the substance of the federal claim in state court."); Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998) ("[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court.") (quoted by Heckard v. Tafoya, 214 Fed.Appx. 817 (10th Cir. Jan. 30, 2007)).

With regard to the second claim, a review of the petitioner's appellate briefs shows that he did not raise it in state court until he included it in his petition for writ of certiorari. Consequently, he did not effect a fair presentation of this claim for federal habeas exhaustion purposes. See Castille v. Peoples, 489 U.S. 346, 351 (1989) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation.'"); Parkhurst v. Shillinger, 128 F.3d 1366 (10th Cir. 1997) (petitioner raised his habeas claim in state court for the first time in his

petition for writ of certiorari with the Wyoming Supreme Court).

"Nevertheless, the Supreme Court has held that if a petitioner 'failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Respondents correctly assert that it appears that the petitioner's first two claims would not qualify under the exceptions for raising a collateral attack successive to a direct appeal under Colo. R. Crim. P. 35(c)(3)(VII).[1]  See People v. Walton, — P.3d —, 2007 WL 1557760 (Colo. App. May 31, 2007) (Because the defendant did not raise an IAD issue on direct appeal, he was precluded from seeking dismissal on that ground for the

---

[1]Colorado Rule of Criminal Procedure 35(c)(3)(VII) provides:

 The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought except the following:
 (a) Any claim based on events that occurred after initiation of the defendant's prior appeal or postconviction proceeding;
 (b) Any claim based on evidence that could not have been discovered previously through the exercise of due diligence;
 (c) Any claim based on a new rule of constitutional law that was previously unavailable, if that rule should be applied retroactively to cases on collateral review;
 (d) Any claim that the sentencing court lacked subject matter jurisdiction;
 (e) Any claim where an objective factor, external to the defense and not attributable to the defendant, made raising the claim impracticable.

Colo. R. Crim. P. 35(c)(3)(VII).

7

first time a postconviction motion.); People v. Canody, — P.3d —, 2007 WL 1438670 (Colo. App. May 17, 2007) (Claim that trial court admitted hearsay testimony in violation of the rules of evidence and in derogation of the constitutional right of confrontation would ordinarily be dismissed if a defendant were to omit it from a direct appeal and instead present it for the first time in a post-conviction motion). Therefore, claims one and two are procedurally defaulted.

Furthermore, inasmuch as the petitioner has not shown either (1) both cause for the default and prejudice therefrom or (2) a fundamental miscarriage of justice such as a colorable showing of factual innocence, Coleman v. Thompson, 501 U.S. 722, 749 (1991), this court is not required to review his first and second habeas claims on the merits. It is thus recommended that these two claims be dismissed and that plaintiff's motion for a stay of this matter pending exhaustion[2] be denied.

**CLAIM THREE**

In his third claim for habeas relief the petitioner contends that the Colorado Court of Appeals erred in reversing the trial court's finding at a proportionality review

---

[2]In addition, respondents correctly assert that the petitioner does not qualify for a stay under Rhines v. Weber, 544 U.S. 269, 277 (2005). In Rhines, the Supreme Court held that "in limited circumstances" a district court may stay a mixed habeas petition (one that includes both unexhausted and exhausted claims) "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then return to federal court for review of his perfected petition." Id. at 271-72, 277. The Court stated that a stay and abeyance of habeas proceedings is appropriate where "the petitioner had good cause for his failure to exhaust, and his exhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. Here, the petitioner has not shown good cause for his failure to exhaust. Furthermore, for the reasons stated in the respondents' Answer, it appears the unexhausted claims are without merit.

8

that his prior convictions were not grave or serious, which resulted in a sentence of 48 years (four times the maximum presumption range for a class 3 felony).

"The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).  "Under AEDPA, 'federal habeas review of state convictions is limited when the state courts have adjudicated a claim on the merits.'" Parker v. Scott, 394 F.3d 1302, 1308 (10th Cir. 2005) (quoting Cook v. McKune, 323 F.3d 825, 829 (10th Cir. 2003)).

More specifically, 28 U.S.C. § 2254 now provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d), (e)(1).  With regard to § 2254(d)(1), the U.S. Supreme Court has stated that

9

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. . . . A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* [*v. Taylor*, 529 U.S. 362, 409-10 (2000)] that an unreasonable application is different from an incorrect one. . . . See also *id.*, at 411 . . . (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

Bell v. Cone, 535 U.S. at 694.

"Avoiding these pitfalls does not require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). "Furthermore, under § 2254(d)(1), the only 'federal law' [the court] consider[s] is 'clearly established federal law as determined by decisions, not dicta, of the Supreme Court.' . . . Thus, 'an absolute prerequisite for [a habeas petitioner's] claim is that the asserted constitutional right on which it rests derive in clear fashion from Supreme Court precedent.'" Parker v. Scott, 394 F.3d at 1308 (citations omitted).

With the above standards in mind, this court will review the petitioner's third claim. The Colorado Court of Appeals stated the following with respect to petitioner's sentence:

10

Defendant contends that the twelve-year sentence is excessive and that the trial court did not exercise its discretion and equitable authority when it imposed the sentence. The People contend that the trial court erred in holding that the forty-eight year sentence imposed pursuant to § 18-1.3-01(1.5) is unconstitutionally disproportionate. We agree with the People.

Upon defendant's motion, the trial court conducted a proportionality hearing. The court found that the current offenses were grave or serious only in the "formalistic sense" and that they "barely fit the elements of the crime with only minor injuries being suffered by the victim." The court also stated that defendant's habitual offenses were nonviolent with relatively little harm. The court further found that "in combination, they are so lacking seriousness as to suggest that a forty-eight-year sentence is constitutionally disproportionate."

We disagree with defendant's contention that this is an issue of the sufficiency of evidence and not a question of law and therefore is not appealable by the People. See § 16-12-102(1), C.R.S. 2003 (the People may appeal the decision of a court in a criminal case upon any question of law). Proportionality is a question of law, and we review trail court's rulings de novo. People v. Medina, 926 P.2d 149 (Colo. App. 1996).

A defendant is entitled to an abbreviated proportionality review of his sentence under the habitual criminal statute even when the sentence under review is less than a life term. People v. Deroulet, 48 P.3d 520 (Colo. 202). "[A]n abbreviated proportionality review consists of a comparison of two sub-parts, the gravity of the offense and the harshness of the penalty, to discern whether an inference of gross disproportionality is raised." People v. Deroulet, supra, 48 P.3d at 527.

In almost every case, "the abbreviated proportionality review will result in a finding that the sentence is constitutionally proportionate, thereby preserving the primacy of the General Assembly in crafting sentencing schemes." People v. Deroulet, supra, 48 P.3d at 526.

When conducting an abbreviated proportionality review under the habitual criminal statute, a reviewing court must scrutinize all the offenses in question to determine "whether in combination they are so lacking in gravity or seriousness" as to suggest the habitual criminal sentence is grossly disproportionate. People v. Deroulet, supra, 48 P.3d at 524-25.

A court determines whether a crime is grave or serious "by

11

> considering the harm caused or threatened to the victim or to society and the culpability of the offender." People v. Deroulet, supra, 48 P.3d at 524.
>
> Robbery and burglary are per se grave or serious for purposes of proportionality review. See People v. Deroulet, supra.
>
> Like the court in People v. Deroulet, we conclude that although defendant's current convictions of third degree assault and theft, standing alone, arguably are not grave or serious, when viewed in combination with the serious nature of defendant's current convictions of burglary and robbery, the offenses in questions [sic] are sufficiently grave and serious such that no inference of gross disproportionality is raised by the imposition of the statutorily mandated sentence. Hence, we conclude that the trial court erred when it reduced defendant's sentence to a prison term of less than forty-eight years. Consequently, we necessarily reject defendant's contention that the trial court erred when it did not impose a sentence of less than twelve years in prison.

(Resps.' Ex. E at 2-5).

A sentence does not violate the Eighth Amendment unless it is grossly disproportionate to the crimes. Hawkins v. Hargett, 200 F.3d 1279, 1282-83 (10th Cir. 1999). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Lockyer v. Andrade, 538 U.S. 63, 77 (2003). See Rummel v. Estelle, 445 U.S. 263, 272 (1980) (In noncapital cases "successful challenges to the proportionality of particular sentences have been exceedingly rare."); United States v. Angelos, 433 F.3d 738, 750 (10th Cir. 2006) ("Although the Supreme Court has reviewed Eighth Amendment challenges to a number of state and federal sentences, it has struck down only two of them over the past century.").[3] In determining

---

[3]More specifically, "[i]n Weems v. United States, 217 U.S. 349, 367 . . . (1910), the Court invalidated under the Eighth Amendment a sentence of fifteen years in chains and at hard labor, plus permanent surveillance and civil disabilities, for the crime of falsifying a public document. Seventy-three years later, in Solem v. Helm, 463 U.S. 277 . . . (1983), the Court invalidated under the Eighth Amendment a sentence of life

12

whether there is "gross disproportionality," the Tenth Circuit has weighed "a variety of factors, including the seriousness of the crime, the fit between the punishment and the crime, and the existence of legislative determinations of an appropriate sentence range." Milburn v. Hines, 146 Fed. Appx. 269, **2 (10th Cir. Aug. 17, 2005) (citing Hawkins, 200 F.3d at 1284-85). The instant case is not one of the rare "extraordinary" cases where the sentence is grossly disproportionate to the crimes for which they were imposed. In light of the nature of the petitioner's crimes, as well as the Supreme Court's benchmarks, and the legislature's proper role in setting sentencing ranges, this court cannot say that the petitioner's sentence here is grossly disproportionate to the acts he committed.

Petitioner's current offenses, viewed together, were serious. The trial judge, during the expanded proportionality review, described the petitioner's acts as follows:

> [t]he Defendant went to a motel room on October 21, 1998 expecting to find a woman/hooker named Angel who was to give him some money. When he knocked on the door, instead he found the victim. After pushing into the room, he demanded money from the victim who ultimately gave him $10. The Defendant, who was unarmed, became angry at some point and began hitting the victim who was backed into a corner. He [sic] began yelling for help and the Defendant left. The victim received several bruises and scratches and a bump on the head.

(Resps.' Ex. F, Order dated June 25, 2002, at 3). As found by the Colorado Court of Appeals, his current convictions, when viewed in combination, were sufficiently grave and serious such that no inference of gross disproportionality was raised by the

---

imprisonment without the possibility of parole imposed under South Dakota law against a nonviolent recidivist whose final crime was writing a "no account" check with the intent to defraud." United States v. Angelos, 433 F.3d at 750.

13

imposition of the 48-year sentence.

Furthermore, petitioner's sentence was within the statutorily permitted range. See Hawkins, 200 F.3d at 1285 (Tenth Circuit is "reluctant to interfere with the legislative determination of an appropriate sentence range.).

Also, based upon Supreme Court benchmarks, this court cannot say that the petitioner's sentence here is so grossly disproportionate to the acts he committed. See Lockyer v. Andrade, 538 U.S. 63 (2003) (It was not an unreasonable application of Supreme Court's clearly established law for the California Court of Appeals to affirm the habeas petitioner's sentence of two consecutive terms of 25 years to life in prison for stealing videotapes worth approximately $150 from two K-Mart stores); Ewing v. California, 538 U.S. 11 (2003) (25-year to life sentence imposed under a recidivist statute for felony grand theft - stealing three golf clubs worth approximately $1,200); Rummel v. Estelle, 445 U.S. 263 (1980) (a life sentence with the possibility of parole was not disproportionate for a three-time non-violent recidivist who had successive convictions of fraudulent use of a credit card to obtain $80 worth of goods or services, passing a forged check in the amount of $28.36, and obtaining $120.75 by false pretenses).

Based upon these findings, petitioner's third claim should be dismissed. This court cannot find that the Colorado Court of Appeals' decision was contrary to or involved an unreasonable application of clearly established federal law or resulted in an unreasonable determination of the facts presented in the state court proceeding.

**WHEREFORE,** for the foregoing reasons, it is hereby

14

**RECOMMENDED** that the petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 6) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is thus further

**RECOMMENDED** that the petitioner's Request to Temporary [sic] Halt Applicant's 28 U.S.C. § 2254 (Docket No. 25) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:  June 21, 2007          s/ Michael J. Watanabe
        Denver, Colorado       Michael J. Watanabe
                               United States Magistrate Judge